**NOT FOR PUBLICATION**

FILED

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<br>

| | |
|---|---|
| MATTHEW LOPEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>NAC MARKETING COMPANY, LLC, a Delaware limited liability company and DOES, 1-10,<br><br>        Defendants-Appellees. | No.   16-55602<br><br>D.C. No.<br>3:15-cv-02522-AJB-JLB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted December 7, 2017[**]
Pasadena, California

<br>

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and GOULD, Circuit Judges, and COLLINS,[***] Chief District Judge.

Matthew Lopez appeals the district court's denial of his motion for attorney's fees and costs under California Code of Civil Procedure § 1021.5, California's catalyst theory of recovery. Because the district court properly found that Lopez failed to engage in any meaningful attempt to settle his dispute with NAC Marketing Company, LLC (NAC) short of filing the complaint, we affirm.

1.      We review a district court's award of attorney's fees under an abuse of discretion standard. *Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 883 (9th Cir. 2004). We review the underlying factual determinations for clear error and review any legal analysis relevant to the fee determination de novo. *Id.*

2.      Under the catalyst theory, for a plaintiff to obtain "attorney fees without a judicially recognized change in the legal relationship between the parties, a plaintiff must establish," among other things, that he "reasonably attempted to settle the litigation prior to filing the lawsuit." *See Tipton-Whittingham v. City. of L.A.*, 34 Cal. 4th 604, 608 (2004) (cleaned up); *see also Graham v. DaimlerChrystler Corp.*, 34 Cal. 4th 533, 577 (2004). The district court did not err in finding that (1) Lopez's original settlement offer of $245,000 was exorbitant,

---

        [***]      The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

2

considering that the most he could recover under the statute was restitution, i.e., slightly less than $30; (2) Lopez unreasonably imposed a six-day window within which NAC was required to respond; and (3) the litigation was unnecessary because NAC demonstrated a willingness to change its policies without litigation by voluntarily correcting its website and confirmation email before litigation was commenced. *See Baxter v. Salutary Sportsclubs, Inc.*, 122 Cal. App. 4th 941, 946–47 (2004).

3. Accordingly, the district court correctly concluded that Lopez did not engage in a reasonable attempt to settle and did not abuse its discretion by denying Lopez's motion for attorney's fees and costs.

**AFFIRMED.**